## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH DANIHEL** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 14-6880** |
| | : | |
| **OFFICE OF THE PRESIDENT, et al.** | : | |

### MEMORANDUM

**KEARNEY, J.**                                                         **APRIL 29, 2015**

The federal courts' limited jurisdiction is available to all who satisfy the requirements of this Court's review. Plaintiff, as a claimed sovereign citizen, filed this action lacking merit and not invoking this Court's limited jurisdiction. As a result, this Court dismissed his case on January 7, 2015 (ECF Doc. No. 8). He did not appeal. Rather, he decided to ignore decisions of this Court. He files frivolous papers almost every week. He continues his barrage of post-dismissal filings. On March 13, 2015, this Court notified Plaintiff that he was bordering on abusing the judicial process (ECF Doc. No. 34). He chose to ignore that notice and submitted frivolous filings burdening the Court's resources. All litigation must reach its endpoint and the time has come for Plaintiff to stop. In the accompanying Order, we deny Plaintiff's multiple vexatious motions and grant the First, Second, and Thirteenth Congressional Districts (together, the "Congressional Defendants") request for a pre-filing injunction requiring court approval before the Clerk of this Court accepts any of Plaintiff's filings in this matter. We also enjoin Plaintiff from commencing any new civil matters against the named Defendants that relates to the subject matter of this action.[1]

---

[1] The Defendants include: Office of the President of the United States of America, the United States Department of Housing and Urban Development, Office of the United States Senator of

## I.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff Joseph Danihel ("Danihel") first commenced suit against the same named Defendants by filing a needlessly prolix five-hundred paragraph complaint in the matter captioned *Joseph Osmond Danihel v. Office of the President of the United States of America, et al.*, No. 14-1330 ("*Danihel I*"). Despite the Complaint not being a model of clarity, Judge Quiñones Alejandro found Danihel's claims to be for violation of the "takings" clause of the Fifth Amendment (Count 1), the equal protection and due process clauses of the Fourteenth amendment (Counts 2 and 3), and for discrimination under Title VI of the Civil Rights Act (Count 5). *Danihel I*, No. 14-1330, 2014 WL 4384071, *1 (E.D. Pa. Sept. 3, 2014).[2] After the named defendants moved to dismiss, the esteemed Judge Quiñones Alejandro dismissed the complaint in its entirety for lack of subject matter jurisdiction and failure to state a claim. *Id.* Danihel filed a notice of appeal with the Third Circuit Court of Appeals on October 1, 2014. Over four months after filing his Notice of Appeal in *Danihel I*, Danihel filed a motion to comply with his discovery requests which this Court denied and subsequently ordered Danihel to make no further filings in *Danihel I* pending the outcome of his appeal.

Undeterred, Danihel started this Action styled *Joseph Osmond Danihel v. Office of the President of the United States, et al.*, Civ. A. No. 14-6880 ("*Danihel II*"). Finding the complaint

---

Pennsylvania, Office of the United States Senator from Pennsylvania, Offices of the First, Second, and Thirteenth Congressional Districts of the State of Pennsylvania, the Commonwealth of Pennsylvania, Office of the Governor of Pennsylvania, Office of the State Senator of the State of Pennsylvania Second Senatorial District, Office of the Mayor of the City of Philadelphia, the City of Philadelphia, Office of the City Council President of the City of Philadelphia, Offices of the Sixth, Seventh, and Ninth City Council Districts of the City of Philadelphia, Derek Green, the Redevelopment Authority of the City of Philadelphia, Brian Abernathy, James Cuorato, Nicholas Scafidi, Denise Smyler, Rob Dubow, Jennifer Rodriguez, and Alan Greenberger.

[2]Danihel also brought claims for "trial by jury before significant loss of property rights" (Count 4), infringement of his "inalienable right to pursue happiness" (Count 6), and "legal and professional malpractice" (Count 7). *Danihel I*, 2014 WL 4384071, at **4-5.

in *Danihel II* to be an attempt to "relitigate the same claims dismissed by this Court for lack of subject matter jurisdiction" as in *Danihel I*, Judge Quiñones Alejandro dismissed the complaint in *Danihel II* on January 7, 2015.  (ECF Doc. No. 8)

Danihel did not appeal the January 7, 2015 Order in *Danihel II*.  Instead, he made a series of filings since the dismissal of *Danihel II* challenging this Court's authority to rule on the issues before it, accusing this Court and various Co-Defendants as having some unknown "allegiance" to each other, and demanding that his claims be decided by a jury.  Danihel also requested that this Court be held in contempt, along with Judge Quiñones Alejandro and opposing counsel. This Court previously denied Danihel's various requests for post-dismissal relief.  (ECF Doc. No. 34)

Congressional Defendants initially moved for injunctive relief against Danihel on March 10, 2015 preventing him from making any further filings with the Court.  In our March 13, 2015 Order (ECF Doc No. 34), we denied this request but noted:

> If there was any doubt before, Plaintiff is now specifically notified that any further filing of these claims in this Court will be grounds for the consideration of civil contempt, and the narrowly tailored injunction requested by the Congressional Defendants.

(ECF Doc No. 34).  Instead of heeding this Court's notice, Danihel defiantly submitted **eighteen (18) filings** after our March 13, 2015 Order.[3]  (ECF Doc. Nos. 41-55)  The Congressional Defendants renewed their Motion to Show Cause in light of these filings. (ECF Doc.  No. 56)

---

[3] Danihel's filings consist of Motions for Contempt against this Court, Kyle T. Jones, Esq., and William Pittard, Esq. (attorneys for Congressional Defendants), a fourth Writ of Error, and various affidavits, judicial notices, and a writ of Mandamus Quo Warranto.

3

## II.    DISCUSSION

A District Court may enjoin "abusive, groundless and vexatious conduct" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). "The broad scope of the District Court's power, however, is limited by two fundamental tenets of our legal system—the litigant's due process and access to the courts." *Id.*   There are three requirements we review before issuing such an injunction: "(1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential inunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." *Grossberger v. Ruane*, 535 F. App'x 84, 86 (3d Cir. 2013) (citing *Brow*, 994 F.2d at 1038).  The pre-filing injunction is an "exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution." *Id.* (citing *In Re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)).

A pre-filing injunction is appropriate.  Since the January 7, 2015 dismissal of his second case (*Danihel II*), Danihel filed approximately two dozen requests for relief.  All of these filings assert the same facts in a rambling incoherent structure to hold multiple District Judges in contempt and proceed on claims that have now twice been dismissed.  While it is beyond obvious that Danihel is disappointed with the Court's dismissal of claims, we find ample evidence of a "pattern of groundless and vexatious litigation." *Chipps v. United States Dist. Ct. for the Middle Dist. Of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (affirming imposition of pre-filing injunction with modification regarding scope).

"Each of plaintiff's filings require the court's time and resources." *Hibbard v. Penn-Trafford School Dist.*, No. 13-622, 2015 WL 321654, *3 (W.D. Pa. Jan. 23, 2015).  The Supreme Court stated, " 'every paper filed with the Clerk of this Court, no matter how repetitious or

frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.' " *Day v. Day*, 510 U.S. 1, 2, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993) (quoting *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989)). " 'The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests.' " *Whitaker v. Superior Court of San Francisco*, 514 U.S. 208, 210, 115 S.Ct. 1446, 131 L.Ed.2d 324 (1995) (quoting *In re Whitaker*, 513 U.S. 1, 2, 115 S.Ct. 2, 130 L.Ed.2d 1 (1994)).   The fact that Danihel's case has been dismissed twice and he persists in making over eighteen frivolous filings warrants the imposition of a pre-filing injunction. *Grossberger*, 535 F. App'x at 86.

We provided Danihel with notice. (ECF Doc. No. 34).   In our most recent rule to show cause (ECF Doc. No 57), we allowed him until April 29, 2015 to explain why he should not be enjoined moving forward. Danihel's April 28, 2015 response, like all of his filings, does not address any grounds other than his view, as a sovereign citizen, that this Court lacks any authority over him.   He has been given ample notice and an opportunity to explain his tacts and avoid this narrow injunction.

The injunction must be narrowly tailored.   We find it sufficient to enjoin Danihel from making any further filings in this matter.   We further find it appropriate to enjoin Danihel from commencing new actions concerning the same subject matter as *Danihel I* and *II* against the named Defendants without first receiving leave of this Court to do so.   This restriction will ensure that the Court will permit the filing of non-frivolous claims against named Defendants submitted by Danihel in the future.   Further, in any future action Danihel shall be required to certify that (1) the claims being presented have never before been raised or disposed of on the

merits by a federal court; (2) he believes the facts contained in the Complaint to be true; and (3) there is no reason why the claims are foreclosed by controlling law. *See Nickelson v. Bush*, Civ. A. No. 00-6170, 2001 WL 752667, at *4 (E.D. Pa. July 3, 2001) (finding pre-filing injunction appropriate and imposing certification requirements).


### III. CONCLUSION

Danihel's repeated frivolous filings warrant a pre-filing injunction.  His self-proclaimed sovereign status does not empower him to abuse this Court with repeated frivolous requests for relief from this Court.  He lost his day in court.  He did not appeal.  His present tact will no longer be permitted.  Our accompanying Order enjoins any further unwarranted burden on this Court and the parties to a case dismissed on January 7, 2015.